JOURNAL ENTRY AND OPINION
Plaintiff-appellant Angela M. Deluca ("appellant") appeals from the jury verdict awarding her $10,000.00 for injuries she sustained in an automobile accident. For the reasons adduced below, we affirm the judgment of the trial court.
The underlying case arose out of an automobile accident involving appellant and defendant-appellee Michael L. Goldstein ("appellee") on December 13, 1995. Appellee admitted liability throughout the proceedings. According to appellant, she incurred $36,197.31 in medical expenses as a result of the subject accident. The vast majority of the medical expenses claimed by appellant emanated from surgery performed by John Collis, M.D.
The case proceeded to trial on the sole issue of damages. During the admission of exhibits into evidence, the trial court redacted a portion of appellant's medical records wherein Dr. Collis wrote that appellant's injuries were "secondary to the motor vehicle accident of 12/13/95." In his closing argument, appellee's attorney referred to the fact that Dr. Collis did not testify at trial on behalf of appellant. After deliberation, the jury returned a verdict in favor of appellant in the amount of $10,000.00.
On December 7, 1998, appellant filed a motion for a new trial. In a journal entry filed on January 20, 1999, the trial court denied appellant's motion for a new trial. Therefrom, appellant filed a timely notice of appeal.
 I. THE REDACTION OF THE SURGEON'S CAUSATION OPINION FROM THE HOSPITAL CHART WAS PREJUDICIAL ERROR.
 II. THE TRIAL COURT'S DENIAL OF PLAINTIFF'S MOTION FOR NEW TRIAL WAS PREJUDICIAL ERROR.
In her first assignment of error, appellant claims that the trial court erred in redacting a portion of her medical records wherein Dr. Collis opined that appellant's injuries were "secondary to the motor vehicle accident of 12/13/95." Appellant has provided this court with a partial transcript of the subject trial. As noted by appellant in her notice of partial transcript, the excerpt of the transcript filed by appellant merely contains "the offering of plaintiff's exhibits, defense counsel's objection to plaintiff's exhibit 7, and the closing arguments of counsel."
The admission or exclusion of evidence by the trial court will not be reversed unless there has been a clear and prejudicial abuse of discretion. See O'Brien v. Angley (1980), 63 Ohio St.2d 159,163. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Evid.R. 103(A). This court has noted that "it is impossible to determine without a complete transcript whether the testimony affected a substantial right of appellant to her prejudice." Bungo v. Nowacki (Aug. 29, 1996), Cuyahoga App. No. 70024, unreported.
It was appellant's responsibility to provide this court with a transcript which is adequate to determine the errors assigned for review. App.R. 9(B). Without a complete transcript, the validity of the trial court's evidentiary rulings must be presumed. Bungo,supra. This court cannot conclude if there was a causal connection between an evidentiary ruling and the amount of a jury verdict without a complete transcript. Bungo, supra. Accordingly, appellant's first assignment of error is overruled.
Likewise, this court is unable to conduct meaningful review of the second assignment of error without a complete transcript. In her second assignment of error, appellant contends that the trial court erred in denying her motion for a new trial. Appellant based her new trial motion on: (1) the challenged redaction of a portion of appellant's medical records; and (2) isolated remarks made by appellee's counsel during closing arguments about appellant's decision not to call Dr. Collis as an expert witness. To merit reversal on either grounds, appellant must demonstrate prejudice. Without a complete transcript, it is impossible to determine whether appellant was entitled to a new trial. Therefore, appellant's second assignment of error is overruled. 4.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ LEO M. SPELLACY PRESIDING JUDGE
 MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR.